## W. J. LITTLE *et al. v.* THE STATE.

BAIL BOND. *Judgment on. Security on appeal. Liable for. What.* A bail bond is a bond for the payment of money within the meaning of the Code, sec. 3162, and on appeal from a judgment thereon, the security is bound for the whole debt, damages and costs.

Case cited: Banks *v.* Brown, 4 Yer., 198.

Code cited: Sec. 3162.

### FROM WARREN.

Appeal from Circuit Court. J. J. WILLIAMS, J.

T. B. MURRY for plaintiff.

ATTORNEY-GENERAL for the State.

SNEED, J., delivered the opinion of the court.

The appellants are the sureties on a bail bond executed by one Hudson for his appearance at the circuit court of Warren county to answer the State on an indictment for murder. The bond was in the penalty of five thousand dollars. Upon the default and failure of the said Hudson to appear, a forfeiture was entered against him and the appellants as his sureties, and writ of *scire facias* issued against the appellants, requiring them to appear and show cause why the State should not have judgment final against them. They did appear, and issues were had upon their pleas to the writ, which were upon trial determined against them, and judgment thereupon rendered

for the amount of the bond.     They appealed in error
to this court, upon a bond for costs only.

The attorney-general now enters a motion to dis-
miss the appeal, upon the ground that the bond for
the appeal is not such as the law requires.    He in-
sists that the recovery in the case is upon a bond
for the payment of money in the sense of the act of
1827, ch. 72, and that the appeal bond should be in
double the amount of the judgment.

That act is in the words following:    "In actions
founded on bonds for the payment of money, bills
single, bills of exchange, promissory notes, liquidated
accounts signed by the party to be charged therewith,
written obligations for the payment of bank notes or
promissory notes, bonds or written obligations for the
delivery of specific articles, or on endorsements of ne-
gotiable instruments, if the appellant takes an appeal,
in the nature of a writ of error, from an inferior to
a superior jurisdiction, the bond shall be taken and
the sureties bound for the payment of the whole debt,
damages and costs, and for the satisfaction of the
judgment of the superior court, when such cause may
be finally tried and determined."    *    *    Act of 1827,
ch. 72, sec. 1;   Code, sec. 3162.

Is a bail bond for the appearance of a prisoner to
answer an indictment for crime, a bond for the pay-
ment of money in the sense of the statute?    We
have no direct adjudication of this question.

It would certainly seem to be the policy of the
law, when the State recovers a money judgment or
decree upon any form of written obligation, to give

to the sovereign, upon appeal, at least an equal advantage with the citizen in having the payment of said judgment secured.

It was held in *Banks* v. *Brown,* 4 Yer., 198, that a delivery bond was a bond for the payment of money in the sense of the statute. But it is said that this decision may have been based upon the words of the statute which includes in its provisions "bonds or written obligations for the delivery of specific articles." We apprehend that these words refer to what are known as property contracts, where the liability of the obligor is absolutely fixed to pay the estimated value of the specific articles upon a breach of the condition of the bond. The bond referred to in this case was not, as we think, a bond for specific articles, or what we term a property contract, but a technical delivery bond, where a slave or other property was attached or levied on, and a bond for money was executed, to be void on condition that the property was duly delivered to answer the mandate of the law. The report does not describe or characterize the bond otherwise than to call it a delivery bond, and the court holds that the delivery bond was a bond for the payment of money in the sense of the statute, and that a motion in the circuit court on such a bond was "an action" in the sense of said statute. The bond in this case is for the payment to the State of the sum of five thousand dollars, but conditioned to be void if the said principal shall appear, &c. Now, why is not this a bond for the payment of money? Does the condition exclude it from the stat-

ute?—if so, upon what principle? All bonds to the State are conditional. All fiduciary bonds are conditional, as guardians, administrators, &c. Upon a recovery upon such a bond, would an appeal be allowed upon a mere bond for costs?

The principal obligor in this case has made default, and the State, by *scire facias*, has instituted her action to recover the debt now due for said default, and recovers judgment. Is not this a judgment upon a bond for the payment of money? Why is it any less so because it might have been cancelled and discharged by the appearance of the accused?

We must hold that it is a bond for the payment of money in the sense of the statute, and that, upon appeal in error, in such case the appeal bond must conform to the statute.

It results that this case is improperly here and will be dismissed, with leave to the appellants to execute a proper bond on or before the third Thursday in February of the present term, or otherwise comply with the law.

McFARLAND and TURNEY dissent.